# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD D. JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN MAYBERG, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-01207-YNP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. 33, 34, 36, 38)<br><br>and<br><br>ORDER DENYING MOTION FOR TRANSFER<br><br>(Doc. 40) |

Plaintiff Sanford D. Jones ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2009, Plaintiff filed a motion for a temporary restraining order. (Doc. #33.) On October 26, 2009, Plaintiff filed a request for judicial notice in support of his motion for a temporary restraining order. (Doc. #34.) Defendants filed an opposition to Plaintiff's motion on October 28, 2009. (Doc. #35.) Plaintiff filed a reply to the opposition on November 5, 2009. (Doc. #37.) Plaintiff also filed a second and third request for judicial notice on October 29, 2009 and November 9, 2009.[1] (Doc. #36, 38.) For the reasons set forth below, Plaintiff's motion for a temporary restraining order will be denied.

---

[1] Plaintiff requests that the Court take judicial notice of the "emergency regulation" at issue and a notice from the State of California Office of Administrative Law concerning the approval in part and withdrawal in part of the regulations. Defendants have not objected to Plaintiff's request for judicial notice. There being no objections raised to the authenticity of the regulations and notice, the Court will grant Plaintiff's request. See Roemer v. Board of Public Works of Maryland, 426 U.S. 736, 742 n.4 (1976) (taking judicial notice of state regulations); U.S. v. Woods, 335 F.3d 993, 1001 (9th Cir. 2003) (taking judicial notice of federal regulations).

1

1 | On December 3, 2009, Plaintiff filed an "Emergency Request for Transfer of This Action
2 | from Magistrate Judge Gary S. Austin to Magistrate Judge Dennis L. Beck." (Doc. #40.) For the
3 | reasons set forth below, Plaintiff's motion will also be denied.
4 | Both Plaintiff (doc. #22) and Defendants (doc. #19) have consented to jurisdiction by U.S.
5 | Magistrate Judge.

## I. Motion for Temporary Restraining Order

Plaintiff seeks a temporary restraining order/preliminary injunction to enjoin Defendants from promulgating an emergency regulation allegedly aimed at retaliating against Plaintiff for exercising his First and Fourteenth Amendment rights. Plaintiff claims that Defendants have issued an emergency regulation that seeks to classify Plaintiff's electronic devices as contraband. Plaintiff claims that if a temporary restraining order/preliminary injunction is not issued, Defendants "will irreparably cripple [Plaintiff's] ability to pursue the instant action, as well as several other active cases pending in other jurisdictions." (Decl. of Sanford Jones ¶ 4.) Plaintiff claims that "[w]ithout use of my laptop computer, there is no alternate way for me to protect my rights and privileges." (Decl. of Sanford Jones ¶ 5.) Plaintiff further claims that Defendants promulgated the regulation in question in retaliation for Plaintiff's "successes in litigation." (Decl. of Sanford Jones ¶ 7.)

In their opposition, Defendants argue that Plaintiff has not demonstrated that he will suffer irreparable harm in the absence of an injunction. Defendants also argue that Plaintiff cannot demonstrate a likelihood of success on the merits of his claims.

In his reply, Plaintiff argues that "defendants have failed to oppose the proposed Title 9, California Code of Regulations, § 4350. . . ." (Pl.'s Reply to Defs.' Opp'n to Pl.'s Emergency Mot. for Immediate TRO and Prelim. Inj. 2:1-3.) Plaintiff requests that the Court take "judicial notice of the fact of defendants' non-opposition." (Pl.'s Reply 2:4-5.) Plaintiff claims that Defendants' argument against the emergency regulations is "waived" because they failed to oppose it. (Mem. of P. & A. in Supp. of Pl.'s Reply to Defs.' Opp'n to Pl.'s Emergency Mot. for Immediate TRO and Prelim. Inj. 4:1-13.)

The purpose of a temporary restraining order/preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to

intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). In order to obtain a temporary restraining order, Plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff's claim to irreparable injury in the absence of a temporary restraining order/preliminary injunction is vague. Plaintiff claims that in the absence of injunctive relief, he will suffer irreparable injury in the form of the violation of his rights under the First and Fourteenth Amendment. With respect to Plaintiff's First Amendment rights, Plaintiff alleges that the regulation at issue, which would purportedly result in the confiscation of Plaintiff's laptop, would violate his free speech rights and right to access the courts. Plaintiff provides little detail explaining <u>how</u> the regulation would result in irreparable harm to his free speech rights and right to access the courts. Presumably, Plaintiff uses his computer for some method of "speech," though Plaintiff does not provide any details. As such, the Court is unable to determine whether any interference with Plaintiff's speech caused by the seizure of his laptop pursuant to the new regulations would be <u>irreparable</u>. Plaintiff does not allege if he uses his laptops to write letters, e-mails, published articles,

3

etc. Plaintiff provides no explanation supporting the conclusion that there is no alternative means of expressing himself in the absence of his computer, such as by hand, typewriter, telephone, fax, the use of public computers, etc. Thus, the Court cannot reach the conclusion that any interference with Plaintiff's free speech rights would be irreparable. Similarly, Plaintiff has not explained how any interference with his right of access to the courts would be irreparable. Plaintiff does not explain how he uses his computer to litigate his claims, nor does Plaintiff explain why alternative means of litigating his claims are unavailable or insufficient.

Plaintiff also fails to persuasively demonstrate any threat of irreparable injury to his rights under the Due Process Clause of the Fourteenth Amendment. There is no explanation as to why any injury suffered to his property interest in his laptop cannot be adequately remedied by legal remedies, such as a claim for monetary damages. Plaintiff fails to demonstrate the existence of a threat of irreparable injury.

Further, as Defendants note, Plaintiff fails to persuasively demonstrate the he is likely to succeed on the merits of this action. It should be noted as well that the Court recently granted Defendants' motion to dismiss Plaintiff's complaint and this action is currently pending the filing of an amended complaint by Plaintiff which cures the deficiencies identified by the Court in his original complaint. Defendants' motion to dismiss was granted on the basis that Plaintiff's complaint failed to state any claims upon which relief can be granted under 42 U.S.C. § 1983. Given the current disposition of this action and Plaintiff's failure to present any evidence that suggests otherwise, the Court cannot conclude that Plaintiff has shown a likelihood of success on the merits of his claims.

Finally, the Court finds no merit in Plaintiff's argument that Defendants "failed to oppose" the regulations at issue and thereby "waived" their opposition to Plaintiff's motion. It is unclear what Plaintiff means in alleging that Defendants "failed to oppose Section 4350." Nor is it clear why Defendants would oppose the regulation that Plaintiff is challenging. Plaintiff's motion for a temporary restraining order/preliminary injunction will be denied.

II. **Motion for Transfer of This Action**

Plaintiff requests that this action be transferred from U.S. Magistrate Judge Gary S. Austin

to U.S. Magistrate Judge Dennis L. Beck. Plaintiff claims that this action has been denied the just and speedy and inexpensive determination of this action to which he is entitled. Plaintiff further claims that several other actions have been filed with this Court complaining about the same retaliatory regulations that Plaintiff complains of. Plaintiff claims that these cases have all been assigned to U.S. Magistrate Judge Dennis L. Beck. Plaintiff requests that this case be assigned to Judge Beck pursuant to Local Rule 83-123(c) (now numbered Local Rule 123(c)).

Local Rule 123(c) provides:

> Following the filing of a Notice of Related Cases, the Chief Judge or a Judge designated by the Chief Judge may, by special order, reassign either action to any Judge or Magistrate Judge sitting in the Eastern District of California as the situation may dictate. If the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

The case cited by Plaintiff, Rotroff v. Ahlin, No. 1:09-cv-02021-GSA (filed November 17, 2009), is currently assigned to Judge Austin, not Judge Beck. Local Rule 123(c) would have no application here, as both cases are already assigned to the same judge. Plaintiff cites a second case in his Notice of Related Cases, Seeboth v. Mayberg. Plaintiff does not provide the case number for this case, and instead states that it is "Pending (awaiting assignment)." Upon review of the Court's docket, the only similarly named case is Seeboth v. Mayberg, No. 2:08-cv-00287-JAM-CMK (filed February 7, 2008). That case is a petition for habeas corpus challenging the petitioner's confinement under the Sexually Violent Predator Act. The case is not based on the same or a similar claim as this case, does not involve the same property, transaction, or event, does not involve similar questions of fact or law, nor would it otherwise entail substantial duplication of labor if it were decided by a different judge. Further, that case is closed. Accordingly, Plaintiff's motion will be denied.

### III. **Conclusion and Order**

The Court finds that Plaintiff has failed to demonstrate the necessary requirements for obtaining a temporary restraining order/preliminary injunction. Plaintiff has not demonstrated that he is likely to suffer irreparable injury in the absence of a preliminary injunction and Plaintiff has not demonstrated a likelihood of success on the merits of his claims. The Court further finds that

5

///

Plaintiff is not entitled to transfer of this action from U.S. Magistrate Judge Gary S. Austin to Magistrate Judge Dennis L. Beck.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's requests for judicial notice in support of his motion for a temporary restraining order, filed on October 26, 2009, October 29, 2009, and November 9, 2009, are GRANTED;

2. Plaintiff's motion for a temporary restraining order, filed on October 5, 2009, is DENIED; and

2. Plaintiff's motion for transfer of this action, filed on December 3, 2009, is DENIED.

IT IS SO ORDERED.

**Dated:   March 8, 2010**            /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE